UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYNADA JONES,

        Petitioner,        Case No. 1:14-cv-673

v.        Honorable Janet T. Neff

DeWAYNE BURTON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition and because Petitioner has filed a motion to stay, the Court will not dismiss the action at this time. Petitioner's motion to stay sufficiently satisfies the requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), thus

the Court will stay this action pending Petitioner's complying with the further directions of this Court set forth in the attached order.

## Discussion

I. <u>Factual allegations</u>

Petitioner Raynada Jones presently is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of first-degree felony-murder, MICH. COMP. LAWS § 750.316(1), first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and carrying a concealed weapon, MICH. COMP. LAWS § 750.227. Petitioner was sentenced as a second-offense habitual offender, MICH. COMP. LAWS § 769.10, to life without parole for first-degree felony murder, 117 to 240 months for first-degree home invasion, and 24 to 60 months for carrying a concealed weapon.

Petitioner appealed as of right to the Michigan Court of Appeals raising one ground for relief (verbatim):

>   I. Trial Judge Reversibly Erred in Sustaining a Prosecution Objection to Testimony from Megan Collins' Mother as to Ms. Collins' Behavior and Demeanor When She Was Not Taking Her Medication for Depression as That Inquiry Was Relevant to the Defense Theory That Ms. Collins' Actions on the Night of the Offense Provoked Mr, Jones and Mitigated the Homicide Offense Of Voluntary Manslaughter.

The court of appeals affirmed Petitioner's convictions on November 20, 2012. Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same ground he had raised in the court of appeals. The Michigan Supreme Court denied leave to appeal on April 1, 2013.

Petitioner now raises five additional grounds for relief (verbatim):

II. PETITIONER IS BEING UNLAWFULLY DEPRIVED OF HIS LIBERTY WHERE HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEREAS THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE PROSECUTION TO ADMIT AN UNSERVED AND EXPIRED PROTECTION ORDER WITHOUT DUE PROCESS OF LAW FROM 56TH JUDICIAL CIRCUIT TRIAL COURT TO ENCOURAGE 1ST DEGREE HOME INVASION ON HIS OWN DOMICILE WHICH CONSTITUTES JUDICIAL BIAS AND A CLEAR ABUSE OF THE TRIAL COURT DISCRETION.

III. PETITIONER IS BEING UNLAWFULLY DEPRIVED OF HIS LIBERTY WHERE HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEREAS THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE PROSECUTION MOTION TO ALLOW TAMPERED EVIDENCE OF A DVD WHICH THE ORIGINAL WAS NOT IN THE COURT FILE OF DEFENDANT HANDCUFFED DURING AN INTERVIEW THAT WAS REVIEWED BY JURY DURING HIS TRIAL AND DELIBERATION WHICH CONSTITUTE A CLEAR ABUSE OF THE TRIAL COURT DISCRETION.

IV. PETITIONER IS BEING UNLAWFULLY DEPRIVED OF HIS LIBERTY WHERE HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEREAS THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE PROSECUTION TO SHOW PORTIONS OF THE CORPSE DEPICTED IN PHOTOGRAPHS TO THE JURY AS EXHIBITS AND OTHER PHOTOGRAPHS INTO EVIDENCE THAT HAD NO DATES OR TIME OR SIGNATURES WHO TOOK THE PHOTOS WHICH CONSTITUTES A CLEAR ABUSE OF THE TRIAL COURT DISCRETION.

V. PETITIONER IS BEING UNLAWFULLY DEPRIVED OF HIS LIBERTY WHERE HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANT OF TRIAL COUNSEL

VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

## II. <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). While it is not entirely clear whether Petitioner intends to raise the claim he originally raised on direct appeal along with the five new claims he identifies in his habeas petition, the Court will assume that this is Petitioner's intention. Consequently, Petitioner's first claim appears to have been properly exhausted. However, it is clear that claims II through VI have not been exhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on April 1, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 1, 2013. Accordingly, Petitioner has one year, until July 1, 2014, in which to file his habeas petition. Petitioner timely filed the instant petition on June 23, 2014, seven days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Concurrently with this petition, Petitioner filed a motion to stay proceedings. In his motion, Petitioner avers that he only recently received a copy of the records from his trial and reviewed them in their entirety for the first time. As a result, Petitioner states that he found numerous constitutional issues that were not raised by appellate counsel on direct appeal. Further, Petitioner avers that he recently discovered numerous meritorious claims and that he is substantially likely to have his conviction reversed if given the chance to exhaust these claims in the state courts. Petitioner requests a stay of this action to exhaust his unexhausted claims in state proceedings.

The Court concludes that Petitioner has sufficiently satisfied the requirements set forth in *Rhines* and a stay will therefore be granted

An Order consistent with this Opinion will be entered.

Dated:   October 1, 2014             /s/ Janet T. Neff
                                     Janet T. Neff
                                     United States District Judge